UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BRANDON KEITH McCRAY                     CIVIL ACTION NO. 11-cv-1349

VERSUS                                               JUDGE HICKS

JOHN FRYER                                         MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Brandon McCray ("Plaintiff") and other inmates from the Louisiana State Penitentiary ("Angola") were temporarily housed at the David Wade Correctional Center due to flooding of the Mississippi River. Plaintiff alleges that Wade correctional officer John Fryer intentionally allowed one of Plaintiff's enemies out of his cell and permitted an attack on Plaintiff. Before the court is Fryer's Motion for Summary Judgment (Doc. 24) on the grounds that Plaintiff did not exhaust his administrative remedies before filing this suit. For the reasons that follow, it is recommended the motion be granted.

**Summary Judgment**

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A genuine dispute of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Royal v. CCC & R

Tres Arboles, L.L.C., 736 F.3d 396, 400 (5th Cir. 2013) (quoting Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505 (1986)).

Where the plaintiff bears the burden of proof at trial, the moving defendant satisfies his initial burden by demonstrating an absence of evidence to support the plaintiff's case. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). The burden then shifts to the plaintiff to go beyond his pleadings and show by competent summary judgment evidence specific facts showing that there is a genuine issue for trial. He cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. Celtic Marine Corp. v. James C. Justice Companies, Inc., __ F.3rd __, 2014 WL 3732647, *4 (5th Cir. 2014).

**Relevant Facts**

Plaintiff was housed at the Camp J disciplinary camp at Angola before being transferred temporarily to Wade. He alleges that he was double bunked at Wade on lockdown status in cell 13. Nearby in cell 11 was Jemetric Debrow, with whom Plaintiff alleges he had "an argument" a few days before the event at issue.

Officer Fryer entered the tier on June 8, 2011 and started allowing prisoners out of their cells, in shifts, to shower. Plaintiff alleges that Fryer skipped his cell and, when Plaintiff brought this to Fryer's attention, Fryer opened the door to cell 13 as well as cell 11. Inmate Debrow "swung on" Plaintiff and pushed him into his cell. Plaintiff alleges that he suffered only a "busted lip" in the fight. He accuses Fryer of opening the door to cell 11 on

purpose, and he seeks $180,000 in damages and the termination of Fryer from his employment.

Fryer offers some additional facts in his statement of uncontested facts. They are not supported by affidavits, certified documents, or other competent summary judgment evidence as is usually the case with facts offered on summary judgment. Plaintiff has not contested them, so they will be considered. Fryer asserts that Plaintiff was issued a Rule Violation Report for fighting. One week after the incident, on June 15, Plaintiff was returned to Angola. A hearing was held at Angola on the rules charge. Plaintiff pleaded guilty and was sentenced to loss of canteen and phone privileges for eight weeks. The only relevant fact among these is the date Plaintiff returned to Angola.

Fryer offers evidence to show Plaintiff was aware of the administrative remedies available to him. The first item is an intake information sheet that Plaintiff signed when he was admitted to Angola in 2004. Plaintiff acknowledged receipt of the DOC disciplinary rules and procedures, that he had completed the inmate orientation program, and that he received instruction in the areas detailed in an Inmate Orientation Booklet. Defense counsel states in her memorandum that this is evidence that Plaintiff received written notification of the ARP grievance procedure. That is, at best, only implied by the intake form, which does not specifically mention the grievance procedure. The court is, however, aware from past cases where specific evidence was presented that state prisoners are generally informed of and well aware of the grievance procedures.

Deputy Warden Angie Huff testifies in an affidavit that Plaintiff arrived at Wade on May 12, and he and the other offenders were "verbally advised" of the grievance process available to them. Rhonda Weldon, a paralegal for the DOC, testifies by affidavit that she was unable to locate any grievance filed by Plaintiff in connection with this alleged incident. Plaintiff has not offered any evidence to the contrary.

**Analysis**

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 122 S.Ct. 983, 992 (2002). The requirement has, accordingly, been applied to claims of failure to protect from an attack by a fellow inmate. Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004).

The grievance procedure available to state prisoners is found in Louisiana Administrative Code, Title 22, Part I, § 325. The procedure allows an offender to seek review "of a complaint which relates to any aspect of his incarceration" if informal methods do not resolve the issue. A grievance is initiated by filing with the warden within 90 days of the incident at issue. If the prisoner is not satisfied with the response he receives at the

first step, he may appeal to the Secretary of the Department. If he is not satisfied with the Secretary's response, he may file suit.

Fryer argues that this complaint must be dismissed because Plaintiff did not exhaust his administrative remedies before filing suit. Plaintiff admitted on page three of his complaint that there was a grievance procedure available in his institution, and he admitted he did not file a grievance related to this incident. His explanation was: "I wasn't at original prison when incident happened." Plaintiff's transfer from Wade to Angola shortly after the incident does not excuse a failure to exhaust. The grievance procedure states:

> When an offender has filed a request at one institution and is transferred prior to the review, or if he files a request after transfer on an action taken by the sending institution, the sending institution shall complete the processing through the first step response. The warden of the receiving institution shall assist in communication with the offender.

Thus, Plaintiff could have filed a grievance at Wade before his transfer, or he could have filed a grievance at Angola after the transfer. In either event, the first step would have been addressed by the warden at Wade.

Plaintiff filed a response to the motion for summary judgment and again admitted that he did not file a grievance. He makes an unsupported claim that he did not know at the time about the administrative requirements. There is evidence to the contrary, and a prisoner's "alleged ignorance of the exhaustion requirement, or the fact that he might have misconstrued the language in the handbook, does not excuse his failure to exhaust." Gonzalez v. Crawford, 419 F. Appx. 522, 523 (5th Cir. 2011). See also Simkins v. Bridges, 350 F.

Appx. 952, 953 (5th Cir. 2009) ("alleged ignorance of the proper procedure is not an excuse").

Plaintiff also makes the inconsistent argument that the "real reason" he did not file a grievance was that he was worried for his safety. Plaintiff says he believed ranking officers at Wade knew but did not care about his situation, so he decided to wait until he returned to his original prison. Plaintiff has not offered competent evidence of any actual impediment to filing at Wade. Even if he had, "[i]f impediments to filing grievances render remedies unavailable at one facility, remedies may become available again once a prisoner has been transferred, unless there are other problems at the new facility." Dillon v. Rogers, 596 F.3d 260, 267 (5th Cir. 2010). Plaintiff does not claim there were any impediments to filing at Angola, and he does not explain why he did not file a grievance after he returned to Angola just one week after the incident. He still had approximately 80 days to file a timely grievance.

Plaintiff has not offered a valid justification for not exhausting his administrative remedies before he filed this action, so summary judgment is required. The dismissal should be with prejudice to refiling the complaint as a pauper, considering the heavy burden that unexhausted prisoner complaints place on the courts and society. See Fitch v. LA Dept of Pub. Safety & Corr., 2009 WL 1076749, *3 (W.D. La. 2009).

Accordingly,

**IT IS RECOMMENDED** that Defendants' **Motion for Summary Judgment (Doc. 24)** be **granted** and that Plaintiff's complaint be dismissed with prejudice to the right to refile

it in forma pauperis.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of August, 2014.

Mark L. Hornsby
U.S. Magistrate Judge